**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES,**

        Plaintiff(s),                  **CASE NUMBER:  01-80533**
                                                   **HONORABLE VICTORIA A. ROBERTS**

v.

**DONELL DESEAN MITCHELL,**

        Defendant(s).
_____/

**ORDER**

This matter is before the Court on Defendant Donell Desean Mitchell's Petition for Order to Correct Judgment of Sentence and Apply Appropriate Sentencing Guidelines Sentence.  Because Defendant asks the Court to correct his sentence, it is presumed that Defendant's motion is brought pursuant to 28 U.S.C. §2255.

Defendant was charged with two counts:  Count I--interference with commerce by robbery, aiding and abetting in violation of 18 U.S.C. §1951, 2, and Count III--use of a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(i).  In accordance with the terms of Defendant's Rule 11 Plea Agreement, Defendant pled guilty to Count I and the Government dismissed Count III.  On August 23, 2003, the Court found that Defendant's Guideline range was 151-188 months and sentenced him to 170 months imprisonment.

Defendant says he has "newly discovered evidence" that his sentence exceeded the maximum allowed under the United States Sentencing Guidelines.  That is,

1

Defendant says he recently discovered (on January 9, 2008) an error in the calculation of his Guideline range during a meeting with his Bureau of Prison Case Manager. Specifically, Defendant says the Worksheets attached to his Rule 11 Plea Agreement and which were used to estimate his Guideline range indicate that the range for Count I was 57-71 months and for Count III was 84 months, for a total of 141-155 months. Defendant contends the Court erroneously found his Guideline range to be 151-188 months because the Government misled the Court at sentencing by failing to advise that, pursuant to the Rule 11 agreement to dismiss Count III, the months estimated for Count III should not have been included in the final calculation. Per Defendant, the Worksheets establish that his Guideline range should have been 57-71 months. Defendant's motion fails on procedural and substantive grounds.

Procedurally, Defendant's motion is untimely. Section 2255 has a one-year statute of limitations, which requires that a motion to correct a sentence be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Defendant's judgment of conviction became final on September 2,

2003, when his time to appeal his sentence expired.  *See Sanchez-Castellano v United States*, 358 F.3d 424, 427 (6th Cir. 2004)("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R.App. P. 4(b)(1)."). Therefore, the statute of limitations for Defendant to file a §2255 motion ran on September 2, 2004.  Because Defendant did not file this motion until February 27, 2008--over 3 years after the judgment of conviction became final--it is time barred.

Defendant's implied assertion that the statute of limitations actually began to run on January 9, 2008 when he "discovered" the alleged error in his Guideline calculation is without merit.  First, for reasons discussed more fully below, the Worksheets Defendant relies upon do not establish an error in the Court's calculation of the Guideline range.  Second, the Worksheets were not newly discovered in January 2008; they were attached to the Rule 11 agreement Defendant and his counsel signed in January 2003 (which was filed with the Court on February 7, 2003) and incorporated into the body of the agreement by reference.  *See* Feb. 7, 2003 Rule 11 Plea Agreement at p.5.  And, Defendant acknowledged at sentencing that he read the entire agreement.  Sent. Tr. at pp. 17-18.

Defendant's claim also fails on the merits.  Defendant signed two Rule 11 plea agreements in 2003.  He and his attorney executed the first agreement on January 23, 2003.  In that agreement, Defendant agreed to plead guilty to both counts and he and the Government estimated his Guideline range via the Worksheets he references.  *See*

3

Feb. 7, 2003 Rule 11 Plea Agreement at p. 2; Worksheets A-E. Defendant and the Government's calculations in those Worksheets were based upon the presumption that Defendant only had 5 prior offenses for which 6 criminal history points would be assessed, plus an additional 2 points because Defendant was on probation when he committed the offenses at issue. Defendant's estimated 8 criminal history points placed him in criminal history category IV and it was estimated that his offense level was 21. Therefore, the estimated Guideline range for Count I was 57-71 months and he was subject to a mandatory minimum sentence of 84 months on Count III. Based upon those estimations, Defendant and the Government agreed a sentence of 155 months was appropriate. *Id* at p. 3. But, the Government reserved the right to withdraw from the agreement if it "learn[ed] prior to sentencing of information inconsistent with the stipulated guidelines calculation." *Id* at p. 6.

When the probation department prepared Defendant's Presentence Investigation Report ("PSIR"), it was revealed that Defendant actually had 8 prior convictions for which 8 criminal history points were assessed. *See* PSIR at ¶¶ 50-90. Defendant's criminal history points totaled 10 when 2 additional points were added for his probationary status, which placed him in criminal history category VI and qualified him for classification as a career offender. *Id* at 90. The probation department also calculated a higher offense level of 29. In total, Defendant's Guideline range increased to 211 to 248 months--151-188 months on Count I, plus 60 consecutive months on Count III. *Id* at 132. Defendant did not file objections to the probation department's calculations.

On August 14, 2003, the Government filed notice of withdrawal from the Rule 11

4

agreement because of the revelations about Defendant's criminal history (and because Defendant filed a motion for downward departure in violation of the terms of the Rule 11). Defendant and the Government then renegotiated a second Rule 11 agreement. In the new agreement, signed by all parties on the day of sentencing (and filed on September 5, 2003), Defendant agreed to plead to Count I, the Government agreed to dismiss Count III, and the parties agreed that "a sentence of <u>no less than 170 months, and no more than 188 months</u> of imprisonment is an appropriate disposition of the case." See Sept. 5, 2003 Rule 11 Plea Agreement at pp.1, 3. Neither the prior Worksheets nor any new ones were attached to the second Rule 11 agreement. At sentencing, defense counsel acknowledged that there were no computational errors in the PSIR, and that the parties stipulated that the Guideline range was 151-188 months with a minimum sentence of 170 months. Sent. Tr. at p. 6, 11. Therefore, the Court's sentence of 170 months was not in error; it, in fact, was the minimum sentence Defendant agreed to accept.

Defendant's motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 14, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 14, 2008.

s/Carol A. Pinegar
Deputy Clerk